UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


KENDALL MANN,                          §
                                       §
                    Plaintiff,         §
v.                                     §
                                       §
CALFLEX MANUFACTURING, INC.,           §          CIVIL ACTION NO.
        and                            §          SA-06-CV-0338 FB (NN)
HOME DEPOT U.S.A., INC.,               §
                                       §
                    Defendants.        §
〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜〜
                                       §
HOME DEPOT U.S.A., INC.,               §
                                       §
                    Cross-Claimant,    §
v.                                     §
                                       §
CALFLEX MANUFACTURING, INC.,           §
                                       §
                    Cross-Defendant.   §


MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   Hon. Fred Biery
      United States District Judge


### Introduction

This memorandum and recommendation addresses the motions for summary judgment

filed by the defendants in this case.[1]  I have jurisdiction to enter this memorandum and

recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial

matters to me for disposition by order or to aid the district court by recommendation where my

_____

[1]Docket entries # 36 & 38.

authority as a magistrate judge is statutorily constrained.[2]  After considering the motion, the
various pleadings in the case, and the summary judgment evidence, I recommend granting the
motions in part and denying the motions in part.

### Jurisdiction

The district court has jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because it
involves a controversy between citizens of different states and the amount in controversy exceeds
$75,000.00.[3]

### Nature and Background of the Case

Real-party-in-interest United Services Automobile Association filed this subrogation
lawsuit seeking to recover money it paid its insured, Kendall Mann, under a homeowner's policy.
The damage that forms the basis of this lawsuit occurred at Mann's home on October 21, 2003.
Mann alleges that his home was damaged by a water leak caused by a defective toilet water
supply line.[4]  Mann alleges that either defendant Calflex Manufacturing, Inc. (Calflex), or its
predecessor, Mojak Company, Inc., manufactured the water supply line.  Mojak is no longer in
business, after having filed for bankruptcy in 1996.  Mann has sued Calflex for strict liability for
a products defect and for negligence in the design and manufacture of the water supply line.

Mann alleges that he purchased the water supply line from defendant Home Depot
U.S.A., Inc. (Home Depot).  In the event that Calflex did not manufacture the water supply line,
Mann seeks to hold Home Depot liable under section 82.003 of the Texas Civil Practices and

---

[2]Docket entry #s 34 & 35.

[3]*See* docket entry #s 1 (notice of removal) & 7 (Judge Spark's order denying motion to remand and transferring this case to San Antonio).

[4]*See* docket entry # 79 (Mann's second amended complaint).

Remedies Code as the seller of the water supply line.  Home Depot has filed a cross-claim

against Calflex, seeking indemnification for the cost of defending itself and contribution for any

amount that it may be adjudged to owe Mann.[5]  Both Calflex and Home Depot have moved for

summary judgment.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."[6]

> The moving party "bears the initial responsibility of informing the district court of
> the basis for its motion, and identifying those portions of 'the pleadings,
> depositions, answers to interrogatories, and admissions on file, together with the
> affidavit, if any,' which it believes demonstrates the absence of a genuine issue of
> material fact."  The moving party "need not negate the elements of the
> nonmovant's case."  Once a summary judgment motion is made and properly
> supported, the nonmovant must go beyond the pleadings and designate specific
> facts in the record showing that there is a genuine issue for trial.  Neither
> "conclusory allegations" nor "unsubstantiated assertions" will satisfy the
> nonmovant's burden.[7]

## Calflex's Motion for Summary Judgment on Mann's Claims

Calflex has moved for summary judgment on Mann's products liability claims on

grounds that Calflex did not design, manufacture, conduct, rebuild, fabricate, compound, process

or assemble the supply water supply line.[8]  A products liability action is an "action against a

---

[5]*See* docket entry # 25 (Home Depot's original cross-claims against Calflex).

[6]Fed. R. Civ. P. 56.

[7]*Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal citations omitted).

[8]Docket entry # 38.

3

manufacturer or seller for recovery of damages arising out of . . . property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence . . . or any other theory or combination of theories."[9]  "A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendant[] supplied the product which caused the injury."[10]  "It is not enough that the seller merely introduced products of similar design and manufacture into the stream of commerce."[11]  To show that it did not supply Mann's water supply line, Calflex presented the summary judgment evidence discussed below.

In an affidavit, Henry Halimi explained that he was the owner and president of Calflex until he sold a majority interest to Barbour Corporation in September 1996.[12]  He stated that Calflex purchased the plant and machinery that Mojak used to produce plumbing hoses at a foreclosure sale as a part of Mojak's chapter 7 bankruptcy.[13]  He also stated that Calflex did not receive any Mojak product inventory as part of the purchase and that Calflex did not sell any plumbing hoses that Mojak had manufactured.[14]  Halimi explained that after purchasing Mojak's assets, Calflex began producing its own plumbing hoses with different designs and that the

---

[9]TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(2) (Vernon 2005).

[10]*Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989).

[11]*Firestone Steel Products v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996).

[12]Docket entry # 38, exh. G.

[13]*Id.*

[14]*Id.*

Calflex hoses remained substantially unchanged since 1996.[15]  Halimi attested that he was

familiar with the hoses that Calflex manufactured and that the Mann hose was not a Calflex

hose.[16]  He explained that he could tell the Mann hose wasn't a Calflex hose because of the type

of crimp, general appearance of the hose, and the print on the hose.[17]  Calflex supported Halimi's

affidavit with a copy of Calflex's bill of sale for Mojak[18] and a copy of Mojak's bankruptcy

papers.[19]

     In a second affidavit, Richard Hynes, president of Barbour Corporation, explained that

Barbour Corporation purchased a majority interest in Calflex in 1999 and the remaining interest

in 2003.[20]  He attested that he had reviewed photographs of the allegedly defective toilet supply

line—Mann's water supply line—and that the line was of the brand name "Tekneflex."[21]  Hynes

explained that the Tekneflex brand was manufactured by Mojak, a company that filed chapter 11

bankruptcy in April 1996.[22]  He further explained that Henry Halimi previously owned Calflex;

that Halimi purchased the trade name Tekneflex; and that Calflex sold a new product under that

---

[15]*Id.*

[16]*Id.*

[17]*Id.*

[18]Docket entry # 38, exh. H.

[19]Docket entry # 55, exh. L (exh. L to docket entry # 38).

[20]Docket entry # 38, exh. F.

[21]*Id.*

[22]*Id.*

name.[23]  Hynes attested that Mojak's crimping machine produced markings on the end pieces of

Mojak's water supply lines that were different from the markings on water supply lines produced

by Calflex.[24]  He further attested that the ball cock on Mann's water supply line is marked with a

"TF," and that hoses manufactured by Calflex have no imprints on the ball cock.[25]

    In response to questioning about his affidavit, Hynes testified during his deposition about

the differences in Mojak water supply lines and Calflex water supply lines.[26]  Hynes explained

that in addition to printing Tekneflex on the supply line, Mojak used a hose with red or blue yarn

line.[27]  He stated that the most important identifying sign of a Mojak water supply line is the

crimp signature on the fittings.[28]  Hynes testified that the crimp signature made by the old Mojak

machines differed from the crimp signature made by Calflex's newer machines.[29]  Hynes also

testified that Calflex never sold to Home Depot.[30]

    In addition to the affidavits, Calflex presented a report from an engineering expert—Dr.

L. Clark McDonald.[31]  Dr. Clark discussed the information provided by Halimi and Hynes about

---

[23]*Id.*

[24]*Id.*

[25]*Id.*

[26]Docket entry # 38, exh.  J.

[27]*Id.*

[28]*Id.*

[29]*Id.*

[30]*Id.*

[31]Docket entry # 56, exh. N (exh. N to docket entry # 38).

the Mojak crimp signature and the use of the colored yarn line, and concluded that information indicated that Calflex did not manufacture Mann's water supply line.[32]

Calflex's summary judgment evidence demonstrates that Calflex did not supply the water supply line that damaged Mann's home because (1) Calflex's water supply lines look different from the Mann water supply line, (2) Calflex did not obtain any Mojak inventory, and (3) Calflex never sold products to Home Depot.  Because Calflex's evidence shows that it did not manufacture the Mann water supply line, Calflex is entitled to summary judgment on Mann's products liability claims unless Mann presents summary judgment evidence that raises a fact question about whether Calflex supplied Mann's water supply line.

To raise a fact question, Mann first challenges Calflex's summary judgment evidence. Mann contends that Calflex's summary judgment evidence fails to conclusively establish that Calflex did not manufacture the Mann water supply line.  Mann complains that Hynes lacks personal knowledge about Calflex prior to 1999 when Barbour purchased Calflex and that Calflex offered Halimi's affidavit only to show that Calflex did not acquire any liabilities from Mojak.  This argument mis-characterizes Calflex's summary judgment evidence, but more importantly, the argument misplaces the summary judgment burden on Calflex.  The plain language of the summary judgment rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Here, proving that Calflex supplied the water supply line that caused the damage to Mann's home is an essential element of Mann's claim.  As an

---

[32]*Id.*

element of his claim, Mann—not Calflex—must prove that Calflex supplied the allegedly

defective water supply line.[33]  Calflex—as the party seeking summary judgment—had "the initial

responsibility of informing the district court of the basis for its motion, and identifying those

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue

of material fact."   Calflex met that burden by identifying the element of Mann's case which

demonstrates the absence of a genuine issue of material fact.  Although Calflex went beyond its

burden to present summary judgment evidence to show that it did not supply the Mann water

supply line, the summary judgment rule does require Calflex to support its motion with affidavits

or other similar materials negating an element of Mann's claim.[34]  The rule specifically provides

that a party may move for summary judgment "with or without supporting affidavits."[35]

Consequently, the purported flaws in Calflex summary judgment evidence do not raise a genuine

issue of material fact.

Once Calflex met its burden, Mann—the nonmoving party with the burden of proof at

trial—was required "to go beyond the pleadings and by [his] own affidavits, or by the

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial.'"[36]  Mann was not required to "produce evidence in

a form that would be admissible at trial in order to avoid summary judgment," but only to

---

[33]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[34]*Celotex Corp.*, 477 U.S. at 323.

[35]FED. R. CIV. P. 56(b).

[36]*Celotex Corp.*, 477 U.S. at 324.

produce some evidence of specific facts showing that a fact question exists.  Apart from his

challenges to Calflex's summary judgment evidence, Mann presented an engineering expert to

raise a fact question.[37]  In the affidavit, Dr. John S. Morse analyzed the cause of the failure of the

Mann water supply line.[38]  As part of his opinion, Dr. Morse identified the Mann water supply

line as a Tekneflex water supply line.[39]  Dr. Morse explained that only two companies have

manufactured the Tekneflex toilet supply lines: Mojak and Calflex.[40]  Dr. Morse stated, "The

available evidence suggests that the [Mann] supply line was made by Mojak and sold by Home

Depot to Mr. Mann, or the supply line was made by Calflex and sold by Home Depot to Mr.

Mann."[41]  But an opinion that the water supply line was manufactured by either Calflex or Mojak

does not raise a fact question about whether Calflex manufactured the water supply line because

the opinion does not identify Calflex as the supplier or the hose, but rather only as one of two

possible suppliers.  Because the opinion fails to identify Calflex as the supplier, the affidavit does

not constitute evidence that raises a fact question about whether Calflex manufactured the water

supply line.

      The only other aspect of the affidavit that can conceivably raise a fact question about

whether Calflex supplied the Mann water supply line is the following two statements:  "I stated

in my November 25th report that 'This is apparently one of the Calflex lines, based on the stated

---

[37]Docket entry # 54, exh. C.

[38]*Id*.

[39]*Id*.

[40]*Id*.

[41]*Id*. (underlining added).

age of the product.'  This statement was based on an assumption that the year of manufacture was the same as the year of purchase [2000]."[42]  These two statements are insufficient to raise a fact question because the suggestion that the Mann water supply line is a Calflex water supply line is based on an assumption—that a product is manufactured, sold to a retailer and purchased by a consumer within a single year—lacking evidentiary basis.  At most, the opinion constitutes a scintilla of evidence, but a scintilla of evidence is insufficient to defeat a motion for summary judgment.[43]  "[T]here must be evidence on which the jury could reasonably find for the plaintiff."[44]  Reasonable jurors could not find by a preponderance of the evidence that Calflex supplied the water supply line based solely on an expert's opinion that relies on an assumption without an evidentiary basis.  Mann has failed to raise a fact question about whether Calflex supplied the water supply line, and consequently, Calflex is entitled to summary judgment on Mann's products liability claims.

### Calflex's Motion for Summary Judgment on Home Depot's Claims

Calflex has also moved for summary judgment on Home Depot's indemnification claim on grounds that Home Depot has no evidence that Calflex manufactured the Mann water supply line.[45]  Home Depot seeks indemnification under section 82.002 of the Texas Civil Practices and Remedies Code.  Under section 82.002, "[a] manufacturer shall indemnify and hold harmless a seller against loss arising out of a products liability action . . . for which the seller is

---

[42]*Id*.

[43]*See Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986); *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

[44]*See Liberty Lobby*, 477 U.S. at 252.

[45]Docket entry # 38, p. 7.

independently liable."[46]   To prevail under the statute, "the seller is only required to prove that it is

a seller who suffered a loss in a products liability action as defined by the statute, and that the

defendant qualifies as a statutory manufacturer."[47]   Texas courts do not require "the seller to

prove the manufacturer was the manufacturer of the product in question or was in the chain of

distribution."[48]   "Although the statute may appear to be facially unfair to innocent manufacturers

named in a lawsuit, it was within the [Texas] Legislature's province to weigh the conflicting

policy implications of the statutory indemnity in determining whether losses arising out of a

products liability action should be borne by the innocent seller or the innocent manufacturer."[49]

Because it does not appear that under Texas law Home Depot is required to prove that Calflex

manufactured the Mann water supply line in order to be liable to Home Depot on its claim for

indemnification, Calflex is not entitled to summary judgment in its favor on Home Depot's

indemnification claim.

### Home Depot's Motion for Summary Judgment on Mann's Statutory Claims

Home Depot has moved for summary judgment on Mann's claim under section 82.003 of

the Texas Civil Practices and Remedies Code.  Section 82.003 establishes the circumstances

---

[46]TEX. CIV. PRAC. & REM. CODE § 82.002(a) (Vernon 2005).

[47]*Dutton-Lainson Co. v. Do It Best Corp.*, 180 S.W.3d 234, 238 (Tex. App.—San Antonio 2005, no pet.).  "Manufacturer" is defined as "a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce." TEX. CIV. PRAC. & REM. CODE § 82.001(4) (Vernon 2005).

Dutton-Lainson Co. v. Do It Best Corp.  180 S.W.3d 234, *237 (Tex.App.-San Antonio,2005)

[48]*Dutton-Lainson Co.*, 180 S.W.3d 234, 238.

[49]*Id*. at 238 n.1.

under which a non-manufacturing seller like Home Depot can be held liable in a products

liability lawsuit.  The provision sets forth exceptions to the Texas general rule that non-

manufacturing sellers cannot be held independently and directly liable for products defects.[50]

---

[50]Section 82.003 provides as follows:

(a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

    (1) that the seller participated in the design of the product;

    (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

    (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

    (4) that:

        (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

        (B) the warning or instruction was inadequate; and

        (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

    (5) that:

        (A) the seller made an express factual representation about an aspect of the product;

        (B) the representation was incorrect;

        (C) the claimant relied on the representation in obtaining or using the product; and

        (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

    (6) that:

        (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and

        (B) the claimant's harm resulted from the defect; or

    (7) that the manufacturer of the product is:

        (A) insolvent; or

        (B) not subject to the jurisdiction of the court.

(b) This section does not apply to a manufacturer or seller whose liability in a products liability action is governed by Chapter 2301, Occupations Code. In the event of a conflict, Chapter 2301, Occupations Code, prevails over this section.

TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon 2005).

These exceptions apply to any type of Texas products liability claim.[51]  Under the exception that applies to Mann's claims, a plaintiff who proves his products liability claim may hold liable a non-manufacturing seller if the plaintiff proves the manufacturer is insolvent.[52]  Under this exception, Home Depot would be responsible for damages resulting from its sale of a defective water supply line if Mann proved the Mann water supply line was defective and that Mojak—now insolvent—manufactured the water supply line.

Home Deport maintains that it is entitled to summary judgment because Mann can present no evidence that Mojak manufactured the water supply line because Calflex manufactured the Mann water supply line.  To show that Calflex manufactured the water supply line, Home Depot presented the following summary judgment evidence: (1) Mann's deposition testimony that he purchased the water supply line in November or December 2000;[53] (2) documentation that Mojak filed for bankruptcy in April 1996;[54] (3) documentation showing that the trustee for the Mojak bankruptcy was discharged in January 1998;[55] and (4) Dr. Morse's preliminary report wherein Dr. Morse stated, "This is apparently one of the Calflex lines, based

---

[51]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003 (Vernon 2005) (defining a products liability action as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.").

[52]*See* TEX. PRAC. & REM. CODE ANN. § 82.003(a)(7)(A) (Vernon 2005).

[53]Docket entry # 36, exh. B.

[54]Docket entry # 36, exh. C.

[55]*Id.*

on the stated age of the product."[56]  Home Depot maintains that a Mojak water supply line could not be purchased in a Home Depot store because Mojak was sold in 1996 and because Mann purchased the water supply line in 2000.  Home Depot presented no evidence to support this position: *e.g.*, evidence that Mojak's assets were purchased in 1996, evidence that Home Depot did not maintain Mojak water supply lines after 1996, or evidence about how Home Depot manages its inventory.  Home Depot's summary judgment evidence does not prove that Calflex manufactured the Mann water supply line because Dr. Morse's opinion is stated as speculation—"apparently one of the Calflex lines"—and because nothing supports Home Depot's argument that Mann could not have purchased a Mojak water supply line in a Home Depot store in 2000.   Even though Home Depot's evidence does not prove that Calflex manufactured the Mann water supply line, Home Depot is not required to do so.  Instead, Mann must prove that Mojak manufactured the water supply line to prevail on its section 82.003 claim, and thus must present summary judgment evidence to raise a fact question to survive Home Depot's summary judgment motion.

To meet this burden, Mann presented the following summary judgment evidence: (1) Mann's deposition testimony that he purchased the water supply line from Home Depot;[57] (2) Hynes deposition testimony that Mojak sold water supply lines under the name "Tekneflex," that the Mann hose had a red yarn, and that Calflex used only white yarn in its water supply lines;[58]

---

[56]Docket entry # 36, exh. D.

[57]Docket entry # 52, exh. A.

[58]Docket entry # 52, exh. B.

(3) Hynes's deposition testimony that Calflex never sold to Home Depot;[59] and (4) Dr. Morse's affidavit opining that the Mann supply line was made by Mojak and sold by Home Depot to Mr. Mann, or the supply line was made by Calflex and sold by Home Depot to Mr. Mann, and that the Mann water supply line was apparently one of the Calflex lines based on an assumption that the year of manufacture and purchase were the same;[60] (5) Dr. Morse's preliminary report stating that the Mann water supply line was apparently one of the Calflex lines.[61]  The evidence about the use of a colored yarn in the Mojak water supply line raises a fact question about whether Mojak manufactured the Mann water supply line because it indicates that Mojak, not Calflex, manufactured the water supply line.  Presenting this evidence precludes Home Depot's request for summary judgment on Mann's section 82.003 claim based on Mojak having manufactured the Mann water supply line.

Under section 82.003, Home Depot would also be responsible for damages resulting from its sale of a defective water supply line if Mann proved the Mann water supply line was defective, that Calflex manufactured the water supply line, and that one of section 82.003's exceptions applied.  Home Depot also moves for summary judgment on Mann's claim that Home Depot sold a defective product manufactured by Calflex on grounds that no exception applies.[62] Mann does not really respond to this argument, except to concede that Home Depot would not be

---

[59]*Id.*

[60]Docket entry # 52, exh. C.

[61]*Id.*

[62]Docket entry #s 36 & 58.

liable if Calflex manufactured the Mann water supply line because Calflex is not insolvent.[63] Because nothing in Mann's complaint or his other pleadings indicates that he relies on any other exception, Home Depot is entitled to summary judgment on Mann's claims based on Calflex's manufacture of the water supply line because Calflex is not insolvent.  Home Depot is also entitled to summary judgment on this claim because Mann presented no summary judgment evidence that raises fact question about whether Calflex manufactured the Mann water supply line.

### Recommendation

Because Mann failed to raise a fact question about whether Calflex supplied the water supply line, Calflex is entitled to summary judgment on Mann's products liability claims.  I recommend GRANTING Calflex's motion for summary judgment on Mann's claims (docket entry # 38) and ENTERING summary judgment in favor of Calflex.  Entry of summary judgment on Mann's claims against Calflex will extinguish Home Depot's claim for contribution from Calflex.[64]

Because it does not appear that under Texas law Home Depot is required to prove that Calflex manufactured the Mann water supply line in order to entitle it to indemnification, however, Calflex is not entitled to summary judgment on Home Depot's indemnification claim. I recommend DENYING Calflex's motion for summary judgment on Home Depot's

---

[63]Docket entry # 52, p. 5.

[64]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 32.002 (Vernon 1997) ("A person against whom a judgment is rendered has, on payment of the judgment, a right of action to recover payment from each codefendant against whom judgment is also rendered.")

indemnification claim (docket entry # 38).

Because Calflex presented summary judgment evidence raising a fact question about whether Mojak manufactured the Mann water supply line, I recommend DENYING Home Depot's  request for summary judgment on Mann's section 82.003 claims that are based on Mojak having manufactured the Mann water supply line.  Because Calflex is not insolvent and because Mann presented no summary judgment evidence raising a fact question about whether Calflex manufactured the Mann water supply line, I recommend GRANTING Home Depot's request for summary judgment on Mann's section 82.003 claims that are based on Calflex having manufactured the Mann water supply line and ENTERING summary judgment in favor of Home Depot on those claims.

Discovery is complete in this case, the deadline for filing dispositive motions has passed,[65] and the parties mediated their dispute without reaching a settlement.[66]  If the District Judge accepts these recommendations on the pending motions for summary judgment, the case may be set for trial on Mann's claim against Home Depot based on Mann's allegation that Mojak manufactured the water supply line, and Home Depot's indemnification claim against Calflex may then be resolved.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of

---

[65]Docket entry # 9.

[66]Docket entry # 81.

17

Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[67] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[68] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[69]

      **SIGNED** on October 19, 2007.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[67]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[68]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[69]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

18