**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KENDALL MANN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **CALFLEX MANUFACTURING, INC.,** | § | |
| **MOJAK MANUFACTURING,** | § | |
| **MOJAK CO., INC.,** | § | **CIVIL ACTION NO.** |
| **CONCORD PLASTICS, INC., and** | § | |
| **HOME DEPOT U.S.A., INC.,** | § | **SA-06-CV-0338 FB (NN)** |
| | § | |
| **Defendants.** | § | |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Cross-Claimant,** | § | |
| **v.** | § | |
| | § | |
| **CALFLEX MANUFACTURING, INC.,** | § | |
| | § | |
| **Cross-Defendant.** | § | |

## ORDER DENYING MOTION FOR LEAVE TO TAKE DEPOSITION (DOCKET ENTRY 102)

The matter before the Court is plaintiff's motion to take the deposition of Henry Halimi (docket entry 102) and defendant Home Depot's response in opposition thereto (docket entry 103). The motion has been referred to the undersigned (docket entry 105).

By the motion plaintiff asks leave of court to take Halimi's deposition for purposes of trial. Plaintiff explains that Halimi, a California resident, has agreed to submit to a deposition in Texas, and argues that the taking the deposition would be less expensive and burdensome to the parties than

1

producing Halimi live at trial.  Home Depot opposes the motion and argues that plaintiff has known

of Halimi since late 2005 when plaintiff named Halimi as an individual with relevant knowledge.

Home Depot argues that plaintiff has failed to explain why the deposition was not taken during the

discovery period, and that the deposition might result in the need to take additional depositions.

The discovery period closed on February 2, 2007, more than 13 months ago.  Plaintiff must

show good cause for any extension of deadlines,[1] which the motion fails to demonstrate.  If Halimi's

testimony was <u>only</u> available for trial by means of deposition, the Court would be more inclined to

favorably consider the request.[2]  However, this is not what the motion states.  The motion merely

argues that preserving the testimony by way of deposition would be less expensive and more

convenient, and provide greater flexibility than producing Halimi live at trial.  These are not reasons

to grant an out-of-time deposition.  Federal Rule of Civil Procedure 26(b)(2)(C) provides that the

Court may limit the use of discovery methods if "the party seeking discovery has had ample

opportunity by discovery in the action to obtain the information sought."  Plaintiff has known of the

witness for over two years and had sufficient time to depose him prior to February 2007.

Failing to show good cause, the motion for leave is ORDERED DENIED.

**SIGNED** on March 31, 2008.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1]F.R.Civ.P. 16(b).

[2]<u>**See Charles v. F.W. Wade**</u>, 665 F.2d 661, 664 (5th Cir. 1982) (denial of out-of-time deposition was abuse of discretion where witness was incarcerated and more than 100 miles from the place of trial, and without deposition jury was deprived of access to testimony of relevant witness.)